**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **TERRANCE WILLIAMS,** ) | **Case Nos.    1:07CV696** |
| ) | **(1:05CR501)** |
| Petitioner, ) | |
| ) | |
| vs. ) | **JUDGE ANN ALDRICH** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | **MEMORANDUM AND ORDER** |

Before the court is *pro se* petitioner Terrance Williams' ("Williams") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 23.) Respondent United States of America ("the Government") filed a response to Williams' petition. (Doc. No. 25.)

For the reasons set forth below, the court denies Williams' petition. Further, the court certifies pursuant to 28 U.S.C. § 2253(c)(1)(B) that an appeal from this order would not be well taken.

**I.    Background**

On October 12, 2005, a federal grand jury in the Northern District of Ohio returned a two-count indictment charging Williams with distributing cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

On December 20, 2005, pursuant to a written plea agreement with the Government, Williams pled guilty to both counts of the indictment. (Doc. No. 16.) The plea agreement provided that

Williams waived his right "to appeal the convictions or sentences in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the convictions or sentences collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255." (Doc. No. 16, ¶ 14.)  Pursuant to the plea agreement, however, Williams retained his right to bring an appeal or a collateral attack pertaining to claims of ineffective assistance of counsel.

On March 30, 2006, Williams was sentenced to the mandatory minimums of 120 months on count one, and 60 months on count two, to run concurrently.  (Doc. No. 21.)

Williams now claims that immediately after the sentencing proceedings, he requested that his counsel file a direct appeal, that his counsel agreed to do so, but that no appeal was filed.  In Williams' instant motion for relief, he asserts that his counsel's failure to appeal constitutes ineffective assistance of counsel.

## II.     Standard of Review

A petitioner that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Generally, sentencing challenges not made on direct appeal are waived and cannot be made for the first time in a post-conviction § 2255 motion.  *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).  However, "challenges that cannot otherwise be reviewed for the first time on a § 2255 motion can be reviewed as part of a successful claim that counsel provided ineffective assistance under the standard set forth in *Strickland v. Washington*." *Id.*

To prevail on an ineffective assistance of counsel claim under the *Strickland* standard, a petitioner must establish (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The performance inquiry is "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688. "Prejudice is demonstrated when there is a reasonable probability that but for counsel's errors, the result would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome." *Id.* at 694. A court need not address these prongs in any particular order, nor must a court address both if the defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

Finally, the court applies a less stringent standard to a pro se litigant's petition than it would apply to pleadings filed by a lawyer. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). This less stringent standard has its limits, however, and "does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001)).

**III.    Discussion**

Under *Strickland*, Williams must show (1) that counsel's failure to appeal fell below an objective standard of reasonableness, considering all of the circumstances, and (2) that but for counsel's failure to appeal, the result would have been different. Here, Williams' claim cannot succeed because he cannot satisfy either prong of *Strickland*.

Under the first prong of *Strickland*, Williams must show that in spite of his waiver of his right to appeal, counsel did not act reasonably in failing to appeal. As a preliminary matter, counsel

denies ever telling Williams that he would file an appeal. (Doc. No. 25-2.) However, assuming *arguendo* that Williams did request that counsel appeal, Williams' claim must fail if his waiver of appeal was valid because counsel's failure to appeal cannot be found unreasonable, or prejudicial, in light of a valid waiver of such rights.

A defendant who voluntarily and knowingly waives his or her appellate rights in a plea agreement is barred from such relief. *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995) (finding defendant's waiver of the right to appeal his sentence valid where defendant understood the terms of the plea agreement and voluntarily executed it).[1]

Here, the record shows that Williams voluntarily entered into his plea agreement. The agreement itself, which Williams signed, states that he "acknowledges that his offer to plead guilty is freely and voluntarily made and that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty." (Doc. No. 16, ¶ 18). Further, at his change of plea hearing, the court asked Williams whether there had been any threats made by anyone to encourage him to plead guilty, to which he responded "No."

The record also shows that Williams knowingly entered into his plea agreement and understood the waiver provision. At the change of plea hearing, the court confirmed with Williams that he was "waiving some of [his] rights to appeal [his] conviction pursuant to [his] plea agreement." (Change of Plea Hr'g at 5.) Later in the hearing, at the court's request, the Government summarized the whole plea agreement, drawing special attention to the waiver provisions:

---

[1] Williams also waived his right to collaterally attack his sentence. Such a waiver is valid if voluntary and informed. *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). Although Williams waived this right, he did retain the right to challenge his sentence on the basis of ineffective assistance of counsel.

-4-

> *And probably the most significant is that the defendant acknowledges that he is waiving with certain exceptions his right of appeal.* And he reserves the right to appeal, however, any punishment in excess of the statutory maximum, any sentence to the extent it exceeds the maximum of the sentencing range determined under the advisory Guidelines, *and nothing in this plea agreement prevents him from claiming ineffective assistance of counsel or prosecutorial misconduct.*

(Change of Plea Hr'g at 7) (emphasis added). After the Government finished its summary, the court asked Williams if there were any other promises made to him that were not set forth in the plea agreement. Williams answered in the negative.

In light of the above, the court concluded at the change of plea hearing that "Mr. Williams understands the nature of the charge against him, that his plea is voluntary and intelligent, and that there is a substantial factual basis for the plea." (Change of Plea Hr'g at 8.) Williams has not once asserted that his plea agreement was made involuntarily or unknowingly, and the record does not support such a proposition.

Given that Williams voluntarily and knowingly entered into his plea agreement and understood the waiver provisions, his waiver of his appellate rights is valid. Accordingly, it would have been futile for counsel to appeal, unless Williams sought to appeal on the basis of one of the rights he retained in his plea agreement: that his punishment was imposed in excess of the statutory maximum or exceeds the maximum of the sentencing range determined under the advisory Guidelines. Williams' petition, however, is void of any such facts. He merely states that he asked counsel to appeal, but does not indicate on what basis he sought such appeal. Although the court applies a less stringent standard to pro se pleadings, the court need not conjure allegations on Williams' behalf. Accordingly, Williams has not shown that counsel's performance fell below an objective standard under the circumstances, requiring that his petition be denied.

Further, although the court need not reach the prejudice prong upon a petitioner's insufficient

showing on the performance prong, Williams can not prevail on the prejudice prong either because he cannot show how he was prejudiced by the lack of appeal. Specifically, if his counsel had appealed, the appeal would have been improper given Williams' waiver, resulting in prompt dismissal. Thus, Williams cannot show that but for counsel's failure to appeal, there is a reasonable probability that he would have obtained a different result. Therefore, his petition must be denied on the prejudice prong as well.

### III. Conclusion

For the foregoing reasons, Williams has failed to establish that he received ineffective assistance of counsel. Accordingly, his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. (Doc. No. 23.) Further, because Williams has not made a substantial showing of the denial of any constitutional right, the court certifies pursuant to 28 U.S.C. § 2253(c), that an appeal from this order would not be well taken.

IT IS SO ORDERED.

          */s/ Ann Aldrich*
          ANN ALDRICH
          UNITED STATES DISTRICT JUDGE

Dated: April 25, 2008