UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:05CR501 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| TERRANCE WILLIAMS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on defendant Terrance Williams's motion for retroactive application of the sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582, or, alternatively, to vacate his sentencing pursuant to 28 U.S.C. § 2255 (Doc. No. 40). The government has filed a response (Doc. No. 42), a supplemental response (Doc. No. 43), and a second supplemental response (Doc. No. 44). This motion represents the second time defendant has sought to modify his sentence under 18 U.S.C. § 3582, and the second time he has sought a vacation of his sentence under 28 U.S.C. § 2255. (*See* Doc. Nos. 23, 27.)

On December 20, 2005, defendant entered a counseled plea of guilty to one count of possession with intent to distribute fifty (50) grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Doc. Nos. 16.) Under the sentencing guidelines in effect at the time of sentencing, the sentencing guideline range was 108 to 135 months. Defendant, however, was also subject

to a mandatory minimum statutory sentence of 120 months under 21 U.S.C. § 841(b)(1)(A). Defendant was sentenced to the mandatory minimum sentence of 120 months on the crack cocaine count and 60 months on the cocaine count, both terms to run concurrently. (Doc. Nos. 22 and 26.) After his sentence was finalized, the Fair Sentencing Act of 2010 ("FSA") became law, raising the threshold amounts of crack cocaine needed to activate the mandatory minimums. Pub. L. No. 111-220, 124 Stat. 2372.

In his motion, defendant argued that his present sentence is unconstitutional per the Sixth Circuit panel decision in *United States v Blewett*, 719 F.3d 482 (6th Cir. 2013), wherein the court held that the FSA and the new sentencing guidelines subsequently adopted by the Sentencing Commission "can and should be interpreted to replace retroactively the old, discriminatory mandatory minimums with new, more lenient minimums[,]" even for inmates sentenced before the FSA took effect. *Blewett*, 719 F.3d at 490. The panel reversed the district court, which had used the pre-FSA statutes and guidelines at sentencing, and remanded the case for resentencing under the FSA.

After defendant filed his motion, the Sixth Circuit granted rehearing of *Blewett en banc* and vacated the panel decision, holding that the FSA does not apply to inmates sentenced before the FSA took effect. *United States v. Blewett*, 746 F.3d 647 (6th Cir. 2013) (en banc). The Sixth Circuit concluded that Congress, in passing the FSA, "intended to follow the 'ordinary practice [of] apply[ing] new penalties to defendants not yet sentenced, *while withholding that change from defendants already sentenced*.'" *Id*. at

2

651 (quoting *Dorsey v. United States*, -- U.S. --, 132 S. Ct. 2321, 2335, 183 L. Ed. 2d 250 (2012)) (alterations and emphasis in original). Defendant, who was sentenced several years before the FSA took effect, cannot be resentenced under that Act.

The Sixth Circuit also held that 18 U.S.C. § 3582(c) does not allow inmates to circumvent the FSA's inapplicability to finalized sentences. Section 3582(c)(2) applies to a lowering of a sentencing range by the Sentencing Commission, "with other sentencing elements—mandatory minimums included—held constant." *Blewett*, 746 F.3d at 657. The court noted that *Congress* has lowered a mandatory minimum in the FSA, so § 3582(c)(2), by its plain terms, did not apply. *Id*.

Finally, the Sixth Circuit held that the Constitution does not require inmate like defendant to be sentenced under the reduced mandatory minimums of the FSA, nor does it entitle them to sentence reduction under § 3582(c)(2). *Id*. at 658-59. Defendant's 120-month sentence is not unconstitutional, and defendant's final challenge to his imposed sentence is also without merit.

For the reasons set forth above, defendant's motion for retroactive application of sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582, or, alternatively, to vacate the sentence imposed by the Court, is denied.

**IT IS SO ORDERED**.

Dated: October 7, 2014

                                         **HONORABLE SARA LIOI**
                                         **UNITED STATES DISTRICT JUDGE**